UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | Cause No. 1:98-cr-0121-SEB-TAB-8 |
| DEBRA ROBINSON, | ) ) ) | |
| Defendant. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court for a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed on June 3, 2010.  The Magistrate Judge submits proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§ 3401(I) and 3583(e).

On June 18, 2010, Magistrate Judge Kennard P. Foster conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

1. Robinson was advised of the nature of the violations alleged against her and acknowledged receipt of the notice of said allegations.

2. A copy of the Petition for Warrant or Summons for Offender Under Supervision was provided to Robinson and her counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Robinson was advised of her right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Robinson was advised she would have a right to question witnesses against her at

the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Robinson was advised she had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Robinson was advised that if the preliminary hearing resulted in a finding of probable cause that Robinson had violated an alleged condition or conditions of his supervised release as set forth in the Petition, she would be held for a revocation hearing before the undersigned Magistrate Judge.

7. Robinson executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Robinson stipulated that she committed Violations 2 and 3 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | *"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."* |
| | On May 28, 2010, officers found marijuana inside the offender [Robinson]'s residence and found photos on her camera of her son's birthday party in which the defendant was present.  On her camera, a photo was found of the defendant's half-brother, Donnie Smith, posing with her son with what appears to be a large bag of marijuana.  The offender admitted the party occurred at her mother's house in February 2010. |
| 3 | *"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."* |

> On April 23, 2010, U.S. Probation encountered the offender at her residence with Antoine Lamont Skinner, a convicted felon who was recently released from state prison. Mr. Skinner has been convicted in Madison County of the following offenses: Dealing in Cocaine; Pointing a Firearm; Possession of Marijuana; Resisting Law Enforcement and Residential Entry. He is currently on probation in Madison County for Dealing in Cocaine.
>
> On May 28, 2010, U.S. Probations Officers conducted a search of the offender's residence and encountered the offender at her residence with Donnie Smith, the offender's half-brother. A further investigation determined he was a convicted felon who was released from prison on December 12, 2009, and is currently on probation in Madison County for Armed Robbery. Mr. Smith has been convicted in Madison County of the following felony offenses: Armed Robbery; Theft; Criminal Confinement; Intimidation; and Possession of Marijuana.
>
> During the search of the offender's residence, this officer found letters to the defendant from 2009 and 2010 from Lester Wright, an inmate currently in the Indiana Department of Corrections. This officer also found Mr. Wright's wallet and identification documents in the offender's bedroom. Mr. Wright was sentenced in Madison County on June 9, 2009, to 20 years in prison for five counts of Dealing in Cocaine. The offender admitted to this officer they were dating prior to his arrest in September 2008 and referred to him as a "boyfriend."
>
> The defendant did not have permission from the probation officer to associate with any of the aforementioned felons.

9. The Court placed Robinson under oath and directly inquired of Robinson whether she admitted the violation of the specifications of her supervised release set forth above. Robinson stated that she admitted the above violations as set forth.

10. The government moved to dismiss Violations 4 and 5 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, and this motion was granted.

3

11. Robinson denied Violation 1 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | *"The defendant shall not commit another federal, state or local crime."* |
| | On May 28, 2010, a search of the offender's residence was conducted by U.S. Probation Officers with the assistance of the Anderson, IN, Police and Madison County Drug Task Force. Inside the offender's residence, officers discovered plant-like material in two locations that field tested positive for the presence of marijuana. This officer also discovered a Davis Industries .380 semi-automatic handgun, serial number AP22913, under the mattress in the offender's second bedroom. The weapon was loaded with five rounds in the magazine. Upon entry, the defendant's half-brother, Donnie Smith, was sleeping on the mattress and denied ownership of the firearm. Mr. Smith was taken into custody by the Anderson Police Department and charged with being a Felon in Possession of a Firearm based on his prior convictions. The offender was also taken into custody by Anderson Police Department and charged with Possession of Marijuana (misdemeanor) and Maintaining a Common Nuisance (felony). Charges are pending in Madison County 12. The Court heard testimony from the assigned U.S. Probation Officer, Troy Adamson, and argument from counsel for the government and for Robinson. |

12. The Court heard testimony from the assigned U.S. Probation Officer, Troy Adamson, and argument from counsel for the government and for Robinson.

13. The Court found Robinson in violation of the terms of her conditions of release as charged in Violation 1, as set forth above, as well as Violations 2 and 3 per her admissions and stipulations of the parties.

14. The Court and counsel for the parties further stipulated to the following:

  a. The most serious grade of violation is Grade B, pursuant to U.S.S.G. § 7B1.1(a)(2).

  b. Robinson has suffered criminal convictions that yield a criminal history category of III.

  c. The term of imprisonment applicable upon revocation of Robinson's supervised release, therefore, is 8-14 months imprisonment.  *See*, U.S.S.G. § 7B1.4(a).

15. The Court ordered that disposition of the matter would be held in abeyance until the U.S. Probation Office notified the Court of a need for further hearing.  Robinson was released on her own recognizance pending further proceedings before the Court.

16. On April 21, 2011, Robinson appeared in person and by counsel, and the Court ordered that disposition of Robinson's violation of release would be held in abeyance until February 2013.

17. On February 6, 2013, Robinson appeared with appointed counsel for a hearing on this matter.

18. U.S. Parole and Probation Officer Troy Adamson reported at this hearing that Robinson had been in substantial compliance with the terms of her release since the time of the initial hearing on June 18, 2010, and that she had approximately two months left of state probation relating to the state charges that were the substance of Violation 1.

19. The parties, joined by U.S. Parole and Probation, recommended that the matter be closed with no additional sanctions, and the Court adopted this recommendation.

Robinson's supervised release is therefore maintained on current conditions, with no

additional sanctions or extension of the term.  Robinson remains released pending approval of this Report and Recommendation.

The parties were advised that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure, and that any party desiring said review shall have 14 days to file written objections.  The parties waived their right to file any objections.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation continuing Robinson's supervised release with no additional sanction.

Dated: 2/13/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

A. Brant Cook
Assistant United States Attorney

Bill Dazey
Indiana Community Federal Defender

U. S. Parole and Probation

U. S. Marshal